THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN, A MUNICIPAL CORPORATION, PROSECUTOR, v. J. H. THAYER MARTIN, STATE TAX COMMISSIONER, ET AL., RESPONDENTS.

Argued November 15, 1938—Decided March 6, 1939.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Edward P. Stout.*

For the respondent J. H. Thayer Martin, State Tax Commissioner, and one hundred and twenty-six municipalities, *David T. Wilentz,* attorney-general, *Herbert J. Hannoch, John Solan* and *Morris Weinstein.*

The opinion of the court was delivered by

CASE, J. The five writs, with the proceedings thereon, are within one state of case and were argued and briefed together. They bring up the apportionments made by the State Tax Commissioner of the proceeds of taxes imposed upon the gross receipts of Public Service Electric and Gas Company, Public Service Co-ordinated Transport and New Jersey Bell Telephone Company under chapters 7 and 8 of the Pamphlet Laws of 1938, and go only to the constitutionality of those statutes. The magnitude of the statutory program and of the tasks thereby imposed is evidenced by the fact that in the Bell Telephone Company case the writ names five hundred and fifty respondent municipalities, of which one hundred and twenty-six appear by attorney in opposition to the contentions of the prosecutor and the remainder do not appear.

We find no reversible error. In general, our conclusions rest upon the reasons contained within the opinion filed contemporaneously herewith in *The City of Camden* v. *State Board of Tax Appeals, &c.,* 122 *N. J. L.* 253.

It is said, however, with respect only to chapter 8, that the statute does not impose a tax upon either property or fran-

chises, that it lays a tax upon gross receipts and that, therefore, the object of the act is not expressed in the title as required by article IV, section VII, paragraph 4 of the State Constitution. The title of the statute is "An act for the taxation of the property and franchises of street railway, traction, gas and elecric light, heat and power corporations using or occupying public streets, highways, roads or other public places in this state, and to repeal sections 54:31-16 to 54:31-28, inclusive, and sections 54:32-1 to 54:32-7, inclusive, of the Revised Statutes."

A title designating a statute as taxing franchises has been held to sustain a provision, in the body of the act, imposing a license tax, in the shape of a tax upon gross receipts, as a condition precedent to the exercise of special privileges in the streets. *North Jersey Street Railway Co.* v. *Jersey City,* 73 *N. J. L.* 481; *affirmed,* 74 *Id.* 761. In the terms of the statute (section 6), the taxes are for the privilege of exercising the corporate franchises and using the public streets, highways, roads or other public places. A gross receipts tax so imposed, and with like appropriation of proceeds, has frequently been called a franchise tax by our courts. *Atlantic City and Shore Railroad Co.* v. *State Board,* 88 *Id.* 219, 221; *Paterson and Passaic Gas Co.* v. *Board of Assessors,* 69 *Id.* 116; *Eatontown* v. *Monmouth County Electric Co.,* 78 *Id.* 493; *New York and New Jersey Water Co.* v. *Hendrickson,* 90 *Id.* 537. Whatever the technical distinction between the terms "franchise" and "exercise of franchise," we consider that the use of the former in the title is not so inept as to be a constitutional fault.

The taxes are not property taxes, but the proceeds of them are distributed upon property valuation and because of them the tax on property is eliminated. Section 6 of the statute imposes the taxes. Subdivision (a) thereof lays a flat five per centum tax on gross receipts, with a scale-down to two per centum where the gross receipts shall not exceed $50,000. That is a survival of the principle of the Voorhees act (chapter 195, *Pamph. L.* 1900) as amended by chapter 17, *Pamph. L.* 1917, and of the Street Railroad Property and Franchise

statute (chapter 290, *Pamph. L.* 1906). In passing we note prosecutor's objection on constitutional grounds to the differential in rate favorable to utilities doing a smaller business; but the Court of Errors and Appeals considered and enforced that very provision in the 1917 statute. *Bergen Aqueduct Co.* v. *State Board of Taxes, &c.,* 95 *N. J. L.* 486. The title of the Voorhees act was "An act for the taxation of all the property and franchises of persons, co-partnerships, associations or corporations using or occupying public streets," &c. That statute did not really impose a new property tax. What it did regarding property was to preserve property taxation and to direct that property be assessed and taxed "as now provided by law." The tax newly imposed was what the *North Jersey Street Railway Co. Case, supra,* 74 *N. J. L.* 761, 765, said was a "fee imposed as a condition upon which the enjoyment of special privileges in the streets is made to depend." Likewise chapter 290 of the Pamphlet Laws of 1906, entitled "An act for the taxation of the property and franchises of street railroad corporations," &c., while it directed that corporate property should be "assessed and taxed at local rates as now provided by law, and all proceedings for appeal, review and collection of the taxes so assessed shall be and remain applicable to such taxes," had, as its actual accomplishment, the laying of a "franchise tax" by a percentage excise on gross receipts. Subdivision (b) of section 6, chapter 8, *Pamph. L.* 1938, of the statute now under review lays a further tax on gross receipts computed at the same rate as the average rate of taxation fixed under *R. S.* 1937, 54:24-1, *et seq.* (the railroad main-stem tax legislation, chapter 82, *Pamph. L.* 1906); and this tax is an outgrowth of chapter 25, *Pamph. L.* 1919, which added an additional tax upon gross receipts, the same to be calculated at the "average rate of taxation" and to be in lieu of designated property taxes. The taxes so imposed in the 1919 statute were declared to be in lieu of all state, county, school and local taxation of all personal property, &c. The wording of chapter 8, *Pamph. L.* 1938, in this respect is (section 5): "The franchise and the property of any taxpayer shall not be subject to taxation

of any kind or nature except as herein  *  *  *.  The *taxes* imposed by this act shall be in lieu of all *other* taxes against any corporation subject to the provisions of this act, its *property, franchises* or its gross receipts" (italics inserted). While it is not a mark of cunning craftsmanship that a statute, which provides that a tax set up therein shall be in lieu of all *other* taxes against *property* and *franchises,* should be entitled as being for the *taxation* of property and franchises, nevertheless it is understandable that the draftsman should carry over the historical significance of the legislation with that interpretation and it is reasonable to believe that a student of, or searcher for, the statutory law on the subject would not be misled by the expression.  The statute does, by its express statement of substitution for and elimination of property taxation, *concern* such taxation and therefore a mention in some fashion of that subject in the title is not only proper but highly desirable.

We think that the title taken in its completeness perpetrates no fraud upon legislation by means of any falsity or deception therein contained (*Coutieri* v. *New Brunswick,* 44 *N. J. L.* 58), and that it is reasonably informative, even to the ordinary reader (*Public Service Electric and Gas Co.* v. *Camden,* 118 *Id.* 245), of the subject to which the act relates. *Grover* v. *Trustees of Ocean Grove,* 45 *Id.* 399.

A further argument, also confined to chapter 8, is that the imposition of one tax and the exemption from other taxes is upon an elusory classification in that corporations but not individuals are within the purview of the statute.  It is claimed that in this respect the act is not constitutional.  We are not informed of the constitutional provision the prosecutor has in mind, but we assume that the argument is still addressed to article IV, section VII, paragraph 4.  It is clear that the statute is intended to embrace within its purview a distinct and well defined group of public utility corporations.  Chapter 25, *Pamph. L.* 1919, *supra,* under which gross receipt taxes have been paid to the municipalities for nearly twenty years, has the same style of title, viz.: "An act for the taxation of the gross receipts of street railway,

traction, gas and electric light, heat and power corporations using or occupying public streets, highways, roads or other public places, in lieu of taxation of certain property of such corporations." The question was, we think, resolved against the prosecutor's contention by the opinion of Mr. Justice Trenchard, written for this court, in *Salem and Pennsgrove Traction Co.* v. *State Board,* 97 *N. J. L.* 386, and adopted by the Court of Errors and Appeals in its affirmance reported in 98 *Id.* 570.

The certifications by the State Commissioner will be affirmed, and the writs dismissed; without costs.